IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrin Darrell Holston, | C/A No. 9:25-cv-04795-JFA-MHC |
| Plaintiff, | |
| v. | |
| Director Bryan Stirling, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Darrin Darrell Holston ("Plaintiff"), a state prisoner proceeding pro se, filed this case pursuant to 42 U.S.C. § 1983 and various other claims under South Carolina law. (ECF Nos. 1 & 5). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After reviewing Plaintiff's complaint and subsequent filings pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that this action should be summarily dismissed for lack of federal jurisdiction, failure to state a claim, or Defendant's entitlement to Eleventh Amendment Immunity. (ECF No. 8). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation.

Plaintiff filed objections to the Report (ECF No. 12). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 8). However, a brief recitation of the relevant factual background is necessary to address Plaintiff's objections.

Plaintiff, an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections ("SCDC"), asserts claims against Defendant Bryan Stirling, the former Director of SCDC pursuant to § 1983 for alleged violations of his Fourteenth Amendment rights among other state laws. (ECF No. 1). Plaintiff requests injunctive, declaratory, and monetary relief. *Id.* Plaintiff's claims involve South Carolina wage statutes. Plaintiff has participated in the Prison Industry Enhancement Program, working

with Shaw Flooring Industry. Plaintiff asserts he is compensated at a rate of $7.25 per hour and appears to allege that his rights were violated because he is not paid at the rate paid to non-prisoner employees in the locality where he performs his work. *Id.* Plaintiff alleges this is in violation of South Carolina statutes, including S.C. Code Ann. § 24-3-430(D) which provides that "[n]o inmate participating in [a prison industries program] may earn less than an hourly rate equal to the federal minimum wage for work of similar nature in the private sector."

The Magistrate Judge recommends this Court summarily dismiss Plaintiff's action for lack of jurisdiction, or alternatively for failure to state a claim, or Defendant's entitlement to Eleventh Amendment Immunity. (ECF No. 8). In response, Plaintiff filed objections to the Magistrate Judge's recommendation.[1] (ECF No. 12). These objections are addressed herein.

Plaintiff first objects to the Report's determination that this Court lacks jurisdiction over this matter. The Report determined that "[t]he [c]omplaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its

---

[1]  The Court seeks to clarify the procedural posture of this matter. Throughout Plaintiff's filing, he contends he is disagreeing with the "Respondent's" assertions and asks this Court to deny "Respondent's Motion to Dismiss." The Court interprets these statements to be referring to statements Defendant may have made if he had been served and had filed a motion to dismiss. However, to clarify, the Magistrate Judge issued an order directing the Clerk not to authorize service on Defendant. (ECF No. 6). Thereafter, the Magistrate Judge issued the Report which recommends summary dismissal. Defendant, referred to as Respondent by Plaintiff's filing, has not been served and accordingly has not filed a motion to dismiss.

diversity jurisdiction, *see* 28 U.S.C. § 1332. Plaintiff appears to be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, which 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" (ECF No. 8, p. 3 citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). In his objection, Plaintiff states: "Cases generally are deemed to 'arise under' Federal law when it is Federal law, not state law, that creates the cause of action. But [Plaintiff] argues that this case falls within an exception to the general rule because his state law claim necessarily raises substantial Federal law questions." (ECF No. 12, p. 2). Plaintiff further states that his complaint refers to federal and state case law, federal regulatory requirements, as well as legislative intent which Defendant allegedly violated. *Id.*

To state a claim under § 1983 such that this case may be properly considered under federal question jurisdiction, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Plaintiff has failed to satisfy these elements. Plaintiff alleges that Defendant misinterpreted South Carolina statutes "when he refused to pay [plaintiff] and other inmates for the same work[,]" and this failure to adhere to statutory mandates "amount to a depr[i]vation of property without due process of law[,]" and Defendant "failed to uphold this mandate pursuant to the Justice Assistance Act of 1984." (ECF No. 1, p. 15). The "statutory mandates" Plaintiff alleges were violated appear to refer to state, not federal, statutory mandates as Plaintiff cites to the above discussed South

5

Carolina wage statutes. Allegations regarding these state statutes along with conclusory statements about deprivation of due process without supporting facts or citation to specific legal precedent does not establish federal question jurisdiction under Rule 8. *See e.g. Burgess v. Charlottesville Sav. & Loan Ass'n,* 477 F.2d 40, 43 (4th Cir. 1973) ("If the concept of federal question is to have any meaning, the court must look beyond the verbiage of a complaint to the substance of the plaintiff's grievance, and dismiss the action, where no real basis for federal jurisdiction exists.") (citation modified). Here, the substance of Plaintiff's claim is an apparent violation of the South Carolina wage statutes. Thus, upon conducting a *de novo* review, this Court finds no error in the Magistrate Judge's determination that this Court lacks subject matter jurisdiction over Plaintiff's claims.

Plaintiff's remaining objections address the Report's alternative recommendations. These objections along with the Report's alternative rulings are moot in light of this Court's determination that there is no federal subject matter jurisdiction.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 8). Accordingly, this matter is dismissed without prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

April 7, 2026  Columbia,     Joseph F. Anderson, Jr.
South Carolina                   United States District Judge